UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **KEITH GORMAN,** | Case No. 22-10563-BAH |
| Debtor. | |
| | |
| Benson Lumber & Hardware, Inc., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 23-01003-BAH |
| Keith Gorman, | |
| Defendant. | |
| | |
| Keith Gorman, | |
| Third-Party Plaintiff, | |
| v. | |
| Michael J. Fadden, Esq. and Michael J. Fadden, P.C., | |
| Third-Party Defendants. | |

## **COMPLAINT – Jury Trial Demanded**

**Keith Gorman, Chapter 11 Debtor** ("K Gorman" and/or the "Third Party Plaintiff") respectfully complains against **Michael J. Fadden, Esq.** (individually, "Attorney Fadden") and **Michael J. Fadden, P.C.** (individually, the "Fadden Law Firm" and, collectively with Attorney Fadden, the "Third-Party Defendants") as follows:

## I. PARTIES

1. Keith Gorman is the debtor and debtor in possession in this Chapter 11 bankruptcy case (the "Bankruptcy Case").

2. Michael J. Fadden, Esq. is an attorney licensed to practice law in the State of Massachusetts and is the President, Treasurer, Secretary and Director of the law firm Michael J. Fadden, P.C. with a mailing address c/o 2020 Lakeview Avenue, Dracut, MA 01826 for the purposes of this Third Party Action.

3. Michael J. Fadden, P.C. is a professional corporation organized in the State of Massachusetts having its principal place of business at 2020 Lakeview Avenue, Dracut, MA 01826. Its registered agent is Michael J. Fadden, with a mailing address of 2020 Lakeview Avenue, Dracut, MA 01826.

## II. OTHER SIGNIFICANT PERSONS

4. Southern End Realty LLC ("SER") is a Massachusetts limited liability company.

5. Bryan Gorman ("B Gorman") is an individual who resides at 90 Loon Hill Road, Dracut, Massachusetts and is the debtor in the Chapter 7 case, In re Bryan Gorman, pending in the United States Bankruptcy Court for the District of Massachusetts, Case No. 23-40248 (the "B Gorman Bankruptcy Case").

6. Frank Gorman ("F Gorman") is an individual who resides at 18 Schapiro Way, Dracut, Massachusetts and is the debtor in the Chapter 7 case, In re Frank J. Gorman a/k/a Francis J. Gorman pending in the United States Bankruptcy Court for the District of Massachusetts, Case No. 23-40257 (the "F Gorman Bankruptcy Case").

## III. JURISDICTION, VENUE AND STANDING

7. The United States Bankruptcy Court for the District of New Hampshire has

jurisdiction over the First Party Action filed against Keith Gorman, Chapter 11 Debtor pursuant to 28 U.S.C. §§ 157 and 1334 and the third party claims for relief made against Attorney Fadden and the Fadden Law Firm herein.

8. This Third Party Complaint is timely filed under FRBP 7014,

9. The claims for relief made herein are property of the estate within the meaning of Bankruptcy Code Section 541.

10. Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1409(a) because the Debtor's bankruptcy petition under Title 11 is pending in this District.

11. The matters raised herein are core and non-core proceedings. See 28 U.S.C § 157 (b). To the extent that the claims for relief made herein are not core proceedings, they are related to this proceeding under Title 11 of the United States Code.

12. Pursuant to LBR 1070-1 and AO 7008-1, the Debtor consents to the entry of final orders and/or judgment by the Bankruptcy Court.

### IV. RELEVANT PROCEDURAL HISTORY

**The Related State Court Actions.**

13. On or about January 17, 2023, Benson Lumber began an action in Middlesex Superiors Court (the "Benson Lumber State Court Action") by filing a Complaints against SER, F Gorman, B Gorman and Attorney Fadden (the "Benson Lumber State Court Complaint") that arise from the same set of facts as the First Party Action filed against Keith Gorman in this court.

14. On information and belief derived from a reading of the Benson Lumber State Court Complaint, the Benson Lumber State Court Complaint makes the following allegations against SER, F Gorman, B Gorman and Attorney Fadden:

13. Bryan signed the SER Credit Agreement on behalf of SER.
21. In or about early 2020, Frank and Benson discussed SER's failure to make the

necessary payments under the SER Credit Agreement. Benson agreed to forbear on immediately enforcing the SER Credit Agreement and, in exchange, SER agreed to provide Benson with a promissory note, personal guaranties, and security instruments pertaining to $150,000 worth of the outstanding debt. Frank negotiated this forbearance arrangement on behalf of SER.

25. The parties understood and agreed that any payments made under the Promissory Note would be credited toward what was then owed under the SER Credit Agreement.

29. Both the Promissory Note and the 2020 Guaranties were executed as sealed instruments and provide that they are governed by Massachusetts law.

30. The Promissory Note was also secured by three condominium units in Lowell that SER was constructing: 44 Highland Street, Units 1 and 2, and 42 Highland Street, Unit 1.

33. SER was represented by Defendant Michael Fadden, Esq., in connection with entering into the Promissory Note, 2020 Guaranties, and Security Instruments. Attorney Fadden drafted all of those documents and transmitted them to Benson via e-mail on February 14, 2020.

34. Attorney Fadden had drafted transactional documents for business transactions between Benson and SER on prior occasions. Through that experience, Benson learned that Attorney Fadden was closely involved with the business affairs of the Gorman family.

37. Unbeknownst to Benson, and despite SER's express representations in the Mortgage and Security Instrument (signed by Bryan on SER's behalf) that it held a fee simple interest in the 42 Highland unit and had the power to grant a mortgage on that property, SER had already deeded that property to third-parties Sergio Musto and Allison Hodges for $360,000 on or about January 17, 2020. Bryan signed that January 2020 deed on behalf of SER.

38. On information and belief, Fadden represented SER in its sale of 42 Highland Street, Unit 1 in January of 2020 and received compensation in connection with that sale.

39. At no time during the negotiation of the Promissory Note and associated documents in February of 2020 did any of the Defendants inform Benson that SER had sold one of the units upon which it was purporting to grant a security interest.

78. As set forth herein, SER, Frank, and Bryan made material misrepresentations and omissions in connection with the Promissory Note and Security Instruments and, therefore, committed fraud.

80. Attorney Fadden drafted the documents containing the misrepresentations concerning title to the 42 Highland unit, transferred those documents to Benson for signature, and recorded the Security Instruments in the Registry of Deeds. He therefore actively participated in, substantially assisted in, or encouraged SER, Frank, and Bryan's fraud.

**The First Party Action**

15. Following the commencement of the Benson Lumber State Court Action against

SER, Frank Gorman and Bryan Gorman, Benson Lumber (the "First-Party Plaintiff") commenced this adversary proceeding against Keith Gorman on March 3, 2023. by filing a Complaint in this Court that arises from the settlement transaction entered into by and among Benson Lumber and SER, Frank Gorman, Bryan Gorman and Keith Gorman (the "First-Party Complaint," "First-Party Action" and "Benson Lumber Transaction").

16. In the First Party Action, the First-Party Plaintiff seeks an order allowing the Benson Proof in the amount of $406,419.93 and that any allowed Benson Lumber Claim is non-dischargeable.

17. Benson Lumber makes many if not all of the same allegations in the First Party Complaint that it made in Benson Lumber State Court Complaint against Attorney Fadden and the other defendants.

18. Benson Lumber alleges in the First Party Complaint that:

> 27. To obtain Benson's agreement to forbear on collection activities, the Promissory Note was secured by three condominium units in Lowell, Massachusetts that SER was constructing: 44 Highland Street, Units 1 and 2, and 42 Highland Street, Unit 1.
>
> 29. There is a reason for SER's failure to make the final payment due under the Promissory Note. Unbeknownst to Benson, and despite SER's express representations in the Mortgage and Security Instrument (signed by the Debtor on SER's behalf) dated February 14, 2020, that it held a fee simple interest in Unit 1 at 42 Highland Street and had the power to grant a mortgage on that property, SER had already deeded that property to third parties for $360,000 on or about January 17, 2020.
>
> 32. At no time during the negotiation of the Promissory Note and associated documents in February of 2020 did the Debtor inform Benson that SER had already sold one of the units upon which it was purporting to grant a security interest.
>
> 33. On information and belief, the Debtor did not disclose this information because he knew that doing so would negatively impact Benson's willingness to accept the Promissory Note. Instead, the Debtor deliberately misrepresented SER's ownership in order to fraudulently induce Benson to agreeing to forbear on collection activities against SER and the Debtor.

34.     The Debtor thereby deceived Benson into forbearing collection actions against SER and the Debtor under the defaulted SER Credit Agreement.

19.     Under Rule 14, the Debtor may file this Third-Party Complaint at this time as a matter of right.

## V.  FACTS COMMON TO ALL COUNTS

20.     The Third-Party Plaintiff repeats, realleges and incorporates by reference the allegations contained in preceding and succeeding paragraphs hereof as fully as if set forth at length as if fully set forth herein.

## VI.  CLAIMS

### Count I – Negligence/Legal Malpractice

21.     The Third-Party Plaintiff repeats, realleges and incorporates by reference the allegations contained in preceding and succeeding paragraphs hereof as fully as if set forth at length as if fully set forth herein.

22.     An attorney-client relationship existed between Attorney Fadden and the Fadden Law Firm and Keith Gorman, SER, F Gorman and Bryan Gorman for many years.

23.     Among other things, Attorney Fadden and the Fadden Law Firm had been retained by Keith Gorman, SER, F Gorman and Bryan Gorman in connection with the sale of condominium units located in the so-called Highland Street Condominium Project owned by SER and the preparation of the documents executed by SER, F Gorman, B Gorman and Keith Gorman in connection with the Benson Lumber Transaction, which are <u>attached to the First Party Complaint as Exhibits B, C and D</u> (collectively, the "Benson Lumber Transaction Documents"), which is the subject of the First Party Complaint.

24.     The Third-Party Defendants had a duty to exercise reasonable care, skill and

diligence in their representation of the Third-Party Plaintiff in connection with the Benson Lumber Transaction, including without limitation, the so-called Promissory Note and (i) Mortgage and Security Instrument (individually, the "Benson Lumber Mortgage"); (ii) Assignment of Leases and Rents (individually, the "Benson Lumber Lease Assignment"); and (iii) Assignment of Plans, Purchase and Sales Agreements, Specifications and Approvals (individually, the "Benson Lumber Plan Assignment").

25. These duties included, but were not limited to, protecting the Third-Party Plaintiff's interest and taking any and all reasonable steps necessary to ensure that the Benson Lumber Transaction Documents when executed and delivered to Benson Lumber by SER, F Gorman, B Gorman and/or Keith Gorman did not include affirmations, representations or inaccuracies that Attorney Fadden and the Fadden Law Firm knew or should have known would or should have been reasonably expected to expose them or any of them to liability or claims, including without limitation, those asserted in the First Party Complaint.

26. Benson Lumber alleges in the Benson Lumber State Court Complaint that SER had sold one of the condominium units mortgaged to Benson Lumber in the Benson Lumber Mortgage and that Attorney Fadden and the Fadden Law Firm knew that the condominium unit had been sold before SER executed and delivered the Benson Lumber Mortgage to Benson Lumber.

27. Among other things, Attorney Fadden and the Fadden Law Firm had a duty to ensure that the Benson Lumber Mortgage prepared by them (a) did not describe property that had been sold by SER to their knowledge, (b) was not invalid and unenforceable to their knowledge and (c) included an accurate description of the property to be mortgaged to Benson Lumber.

28. If, as alleged by Benson Lumber in the Benson Lumber State Court Complaint,

Attorney Fadden and the Fadden Law Firm knew that one of the condominium units had been sold by SER, then they had a duty to advise SER, F Gorman, B Gorman and Keith Gorman of that fact and/or ensure that the description of the mortgaged premises in the Benson Lumber Mortgage had a duty to ensure that the description was both accurate and consistent with their actual knowledge and breached their duty of care.

29. But for the alleged errors in the Benson Lumber Mortgage, the claims made by Benson Lumber would be nothing more than unsecured, dischargeable claims.

30. Keith Gorman has already suffered damages and may suffer additional damages as a result of the alleged error or errors in the Benson Lumber Mortgage and any other unidentified errors in the Benson Lumber Transaction Documents.

31. If, as alleged by Benson Lumber, Keith Gorman is liable to Benson Lumber as a result of the alleged error in the Benson Lumber Mortgage, then Attorney Fadden's and the Fadden Law Firm's breaches of the duty of care, breaches of fiduciary duty and errors, omissions and mistakes in the context of their professional, attorney-client relationship with Keith Gorman and SER, F Gorman and B Gorman are the proximate cause thereof.

## Count II - Breach of Fiduciary Duty

32. The Third-Party Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33. Attorney Fadden, a licensed attorney, and Fadden Law Firm undertook to represent the Third-Party Plaintiff in the Benson Lumber Transaction

34. A fiduciary relationship existed between the Third-Party Defendants and the Third-Party Plaintiff when the Third-Party Plaintiff authorized the Third-Party Defendants to represent its interest with Benson Lumber.

**35.** The Third-Party Defendants breached their duty of care, breaches of fiduciary duties, including the duties of candor, good faith, reasonable care and advice by failing to act in the best interests of Keith Gorman.

**36.** As a direct, proximate, and foreseeable consequence of the Defendants' breach of fiduciary duty, the Third-Party Plaintiff suffered damage and may continue to suffer harm, loss and damage.

**WHEREFORE,** the Third-Party Plaintiff respectfully requests that this Honorable Court order and decree as follows:

**A.** Enter Judgment against the Third-Party Defendants for all of the Third-Party Plaintiff's damages, plus costs and interest; and,

**B.** Grant such other and further relief as may be deemed just, equitable, and proper by this Court.

Respectfully submitted,

DATED: May 18, 2023  /s/ William S. Gannon
William S. Gannon, BNH 01222 (NH)

Counsel for

**KEITH GORMAN**

WILLIAM S. GANNON PLLC
740 Chestnut Street
Manchester NH 03104
PH: 603-621-0833
FX: 603-621-0830
bgannon@gannonlawfirm.com